IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCIS PALARDY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-625-SDJ-KPJ |
| SOFTWORLD, INC. *et al.*, | § § § | |
| Defendant. | § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Francis Palardy's Motion for Partial Summary Judgment (the "Motion") (Dkt. 14). Defendants Softworld, Inc. ("Softworld") and United Services Automobile Association ("USAA" and, together with Softworld, "Defendants") jointly filed a response (Dkt. 19), to which Plaintiff filed a reply (Dkt. 20) and Defendants filed a sur-reply (Dkt. 22). Having considered the briefing, the evidence, and the applicable authorities, the Court recommends the Motion (Dkt. 14) be **DENIED WITHOUT PREJUDICE.**

### I.   BACKGROUND[1]

**A.  Relevant Factual Background**

This is an employment discrimination case filed by Plaintiff against his former employer, Softworld, Inc. ("Softworld"), and Softworld's client, USAA. Softworld describes itself as a "staffing agency, focusing on IT and technical specialists." *See Mohan Decl.*, Dkt. 19-1, at 1. Softworld and USAA entered into an agreement, "whereby Softworld would provide technical consultants to work on highly confidential USAA projects." *See id.* Softworld established the

---

[1] Except as otherwise stated, the following facts are undisputed.

1

Onshore Development Center ("ODC") in Plano, Texas, to carry out its obligations under the agreement with USAA. *See id.*

On July 10, 2019, Softworld hired Plaintiff to "be part of Softworld's team of technical professionals to staff the ODC and work on USAA projects, with a start date of July 29, 2019." *See id.* On August 1, 2019, Plaintiff notified David Settlage, Plaintiff's Softworld supervisor, that he "ha[s] an implant" and had trouble hearing at a recent training conference:

> Hello, I have an implant so everything sounds a little different. If other people have trouble hearing then I certainly will too. If I could call right into the Skype conference it would go right into my implant. But I'm afraid that might cause feedback if I don't mute it right. So I didn't try that without asking. I could also connect to the laptop through Bluetooth if that is set up. I wasn't sure if there would be many more conferences like the other day so I didn't mention it before.

*See* Dkt. 14-3; Dkt. 19-1 at 1, 13. Mr. Settlage informed Plaintiff that USAA guidelines did not permit the use of Bluetooth devices in the ODC and asked if Plaintiff would have trouble connecting to meetings from his desk (as opposed to the conference rooms). *See* Dkt. 14-3; Dkt. 19-1 at 1–2, 13. Plaintiff responded that in-person meetings are best, but that "Skype works better if [he] can call the meeting" and "Headphones are ok" and "would have helped." *See* Dkt. 14-3; Dkt. 19-1 at 13.

Thereafter, Defendants contend "Softworld began working to facilitate accommodations for [Plaintiff's] hearing issues." *See* Dkt. 19-1 at 2. Defendants requested medical information from Plaintiff to support his request for accommodations. *See* Dkt. 14-7; Dkt. 19-1 at 2, 15–19, 21. According to Defendants, Softworld asked Plaintiff for "information on what did and did not work for him when he had similar issues in the past at other employers, for more information on the specific type of implant he had so they could research compatible equipment, and for information on whether the issue was the volume of the audio or clarity . . . ." *See* Dkt. 19-1 at 2.

Plaintiff did not provide the requested information. *See id.* Nonetheless, Defendants contend Softworld provided accommodations for Plaintiff's hearing:

> On November 26, 2019, Ms. Kwong informed Mr. Palardy that Mr. Grams located wired headsets that should be compatible with the equipment used, and would be working with him on testing the equipment. Softworld also added sound bars—larger speakers that pointed into the room, compared to the small speaker phone devices that sit on a table and point up to the ceiling.

*See* Dkt. 19-1 at 2. Defendants further contend Plaintiff indicated satisfaction with such accommodations:

> On December 5, 2019, Softworld tested some of the new equipment with Mr. Palardy, and Mr. Palardy confirmed that it provided an adequate solution to his challenges with hearing during meetings in the conference room. Softworld also left the dialogue with Mr. Palardy open so that he could make suggestions for further improvements with the accommodations. In an email dated December 12, 2019. . . Mr. Palardy provided additional feedback on the accommodations, noting that the sound was "probably good enough." For the next several months, Mr. Palardy did not make any further complaints as to his ability to hear in order to perform his job duties.

*See* Dkt. 19-1 at 2–3, 42, 57; Dkt. 19-2 at 1–2

Plaintiff alleges, however, that the alleged accommodations were inadequate. *See* Dkt. 1 at 18–19, 21. Plaintiff alleges he should have been permitted to use his cochlear implant with Bluetooth enabled devices within the ODC. *See generally* Dkt. 1. Plaintiff's claims are premised on Defendants' alleged refusal to permit Plaintiff to use Bluetooth in the ODC.

### B. Relevant Procedural History

Plaintiff filed this lawsuit against Defendants on August 1, 2021, alleging disability discrimination. *See* Dkt. 1. Defendants filed a joint answer on September 7, 2021. *See* Dkt. 7. On October 26, 2021—before the parties appeared for a Rule 16 management conference in this matter—Plaintiff filed the Motion. *See* Dkt. 14. The Motion is fully briefed: Defendants filed a

response on November 16, 2021, *see* Dkt. 19, to which Plaintiff filed a reply, *see* Dkt. 20, and Defendants filed a sur-reply, *see* Dkt. 22.

On December 7, 2021, the parties appeared for a Rule 16 management conference. *See* Dkt. 25. On December 8, 2021, the Court entered a limited Scheduling Order as discussed during the Rule 16 management conference, which set the following deadlines:

| | |
|---|---|
| **February 4, 2022** | Deadline for the parties to complete discovery limited to the question of whether [USAA] is a properly named party in this lawsuit. |
| **February 11, 2022** | Deadline for USAA to file a motion for summary judgment limited to the question of whether it is a properly named party in this lawsuit. |
| **February 25, 2022** | Deadline for Plaintiff to file a response to USAA's motion for summary judgment. |
| **March 11, 2022** | Deadline for USAA to file a reply, if any, in support of its motion for summary judgment |

*See* Dkt. 27.

On February 11, 2022, USAA filed a motion for summary judgment, wherein USAA argues it was not Plaintiff's employer and, therefore, may not be liable for Plaintiff's claims. *See* Dkt. 28. USAA's motion for summary judgment is fully briefed and remains pending before the Court. *See* Dkts. 28 (motion), 30–33 (sealed motion and exhibits); Dkt. 35–37 (sealed response and exhibits); Dkt. 39 (reply); Dkt. 40 (sur-reply).

## II.   LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). "Thus, if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. LOCAL R. CV-56(c). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at

5

trial. *Evans v. Tex. Dep't of Transp.*, 547 F. Supp. 2d 626, 636 (E.D. Tex. 2007) (citing *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322), *aff'd*, 273 F. App'x 391 (5th Cir. 2008). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23.

### III.    ANALYSIS

In this case, Plaintiff moves for summary judgment as to Defendants' liability under the ADA. *See* Dkt. 14 at 15 ("By this motion, the Plaintiff seeks only an award of partial summary judgment with regard to the Defendant's liability for violations of the Disabilities Act."). In the Motion, Plaintiff identifies three issues for the Court's determination, all which go to Plaintiff's failure-to-accommodate claims against Defendants. *See* Dkt. 14 at 2. Because Plaintiff has not established "beyond peradventure *all* of the essential elements" of his failure-to-accommodate claims against Defendants, the Court finds the Motion should be denied. *See Fontenot*, 780 F.2d at 1194.[2]

"The ADA prohibits covered employers from 'discriminat[ing] against a qualified individual on the basis of disability.'" *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) (quoting 42 U.S.C. § 12112(a)). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. §

---

[2] The court notes Plaintiff has also failed to properly support the Motion. As the party moving for summary judgment, Plaintiff had the burden to "identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322. The Motion fails to identify any evidence in the record to demonstrate the absence of a genuine issue of material fact. The Motion largely contains Plaintiff's unsupported assertions, which the Court cannot accept as fact on summary judgment.

12112(b)(5)(A). To prevail on a failure-to-accommodate claim under the ADA, the plaintiff must establish: (1) the plaintiff is a "qualified individual with a disability"; (2) the disability and its consequential limitations were known by the defendant; and (3) the defendant failed to make "reasonable accommodations for such known limitations." *Amedee*, 953 F.3d at 837 (citation omitted). A "reasonable accommodation" means, *inter alia*, "Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). Notably, "The ADA provides a right to reasonable accommodation, not to the employer's preferred accommodation." *Austgen v. Allied Barton Sec. Servs., L.L.C.*, 815 F. App'x 772, 775 (5th Cir. 2020) (per curiam) (quoting *E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 471 (5th Cir. 2009)).

Assuming, *arguendo*, that Plaintiff's exhibits are competent summary judgment evidence,[3] the Court finds Plaintiff has not established his entitlement to relief "beyond peradventure" and, therefore, is not entitled to summary judgment. *See Fontenot*, 780 F.2d at 1194. As an initial matter, Plaintiff has not established that USAA was Plaintiff's employer, as is required to trigger liability under the ADA.[4] Further, Plaintiff has not established that Defendants failed to make *reasonable* accommodations for Plaintiff's alleged disability, especially in light of Defendants' evidence showing that Softworld made at least some accommodations, which Plaintiff indicated were sufficient, albeit not his preferred accommodations. Dkt. 19-1; *see* Dkt. 19-1 at 2–3, 42, 57; Dkt. 19-2 at 1–2. Because these evidentiary shortcomings require the Motion to be denied, the

---

[3] Defendants object that Plaintiff's summary judgment evidence is improper and should not be considered by the Court. *See* Dkt. 19 at 1–2. Because the Court ultimately finds Plaintiff's Motion to be premature at this stage of the litigation, the Court does not reach whether Plaintiff's exhibits are properly before the Court.

[4] Indeed, whether USAA was Plaintiff's employer is the sole issue raised in USAA's Motion for Summary Judgment (Dkt. 28), which is presently before the Court and will be analyzed in a separate opinion.

Court need not address the remaining elements of Plaintiff's ADA claims. *See Amedee*, 953 F.3d at 837.

Plaintiff's failure to meet his summary judgment burden is unsurprising, given that Plaintiff's Motion was filed before the parties' Rule 16 management conference, before a scheduling order was entered, and before the parties conducted discovery in this matter. Indeed, to date, the Scheduling Order has authorized discovery only as to the propriety of including USAA as a defendant in this lawsuit; no discovery has been authorized by the Court as to Plaintiff's claims. *See* Dkt. 27. As such, Plaintiff's Motion is premature and should, at this early stage of the litigation, be denied without prejudice to refiling.

## IV.     RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 14) be **DENIED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id*.; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## V. ORDER

**IT IS ORDERED** that, in addition to serving Plaintiff by certified mail, return receipt requested, the Clerk's Office shall email this Order and Report and Recommendation to Plaintiff at 57007code@gmail.com.

**So ORDERED and SIGNED this 9th day of September, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE