**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **FRANCIS PALARDY** | § | |
| | § | |
| **v.** | § | **NO. 4:21-CV-00625-SDJ-BD** |
| | § | |
| **SOFTWORLD, INC.,** *et al.* | § | |

**MEMORDANDUM OPINION AND ORDER**

In November 2022, the court granted plaintiff Francis Palardy's unopposed motion to dismiss his claims with prejudice and issued a final judgment. Dkt. 50. More than three years later, Palardy moved to modify or lift a protective order that was previously entered in this case and to unseal the record. Dkt. 51. The court will afford the defendants an opportunity to respond to that motion.

**BACKGROUND**

After a case-management conference, the court issued a protective order providing that any documents designated as "confidential" by either party, "if needed for motions or other purposes," "shall . . . be filed under seal." Dkt. 26 at 3. In accordance with that order, the court granted motions to seal the exhibits to a motion for summary judgment filed by defendant United Services Automobile Association ("USAA"), Dkt. 34, and the exhibits to Palardy's response to that motion, Dkt. 38. The court also sua sponte sealed its report recommending that the motion for summary judgment be granted, Dkt. 42, and the memorandum adopting that report, Dkt. 48. The exhibits to Palardy's own motion for partial summary judgment, Dkt. 14, the response to that motion, Dkt. 19, the report recommending the motion's denial, Dkt. 41, and the memorandum adopting that report, Dkt. 47, were not sealed.

Palardy asserts that the court's sealing orders have "creat[ed] a misleading public record suggesting [that he] provided no basis for his claims while preventing public access to the filings, affidavits, and responses that would clarify the full context." Dkt. 51 at 2. He asserts that

> [a]nyone reviewing the docket sees a summary judgment ruling stating Plaintiff filed
> too early and without evidence, while all responsive materials and judicial

> discussion of Defendants' filings remain hidden. This may have already influenced one state court decision, where the judge noted he reviewed the federal docket.
>
> . . .
>
> The protective order has effectively prohibited Plaintiff from speaking about his own experience, even though not involving Defendants. This is broader than necessary and inconsistent with the principle that protective orders must be narrowly tailored.

*Id.* at 2–3.

Palardy contends that the public has an interest in the sealed materials and that they do not contain proprietary information, trade secrets, or personal financial data. *Id.* at 2. The public interest in the sealed documents is heightened, he says, because the documents concern entities and issues relating to veterans, accessibility, and discrimination. *Id.* at 2–3. As to why he did not raise the issue earlier, he says that he worried doing so would complicate or interfere with another case to which he is a party. *Id.* at 3.

## LAW

### I.  Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ordinarily, a federal district court's jurisdiction expires when a case is closed. *See Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (stating that, "once judgment was entered . . . , the ability to resolve simultaneously factually intertwined issues vanished"); *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 200 (5th Cir. 2018) (stating that, "[o]nce a judgment is final, district courts lack jurisdiction to take further action"); *Clay v. Johnson*, No. 10-60031 (5th Cir. Oct. 6, 2010) (order) (per curiam) (stating that a "motion filed in a closed case is 'a meaningless, unauthorized motion' with no statutory or legal basis" and concluding that "[t]here was no jurisdictional basis for filing the motion and, thus, no basis for appealing the district court's ruling" on it (quoting *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)).

But there are exceptions. Federal Rule of Civil Procedure 60, for instance, expressly allows district courts to correct clerical mistakes or grant relief from orders and judgments in limited circumstances. And the Supreme Court has recognized a district court's inherent ability to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380. Under that latter source of authority, courts sometimes retain jurisdiction to decide collateral matters, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990), to enforce parties' settlement agreements, *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 451–52 (5th Cir. 2022), and to enforce their own judgments and orders, *Peacock*, 516 U.S. at 356; *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76–77 (5th Cir. 1995). And if a party is subject to a "continuing decree of injunction," the decree is "subject always to adaptation as events may shape the need." *United States v. Swift & Co.*, 286 U.S. 106, 114–15 (1932).

That last exception to the general rule of expiring jurisdiction permits a district court to modify or lift a protective order even long after a case is closed. *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) (collecting cases); *Beebe v. Nutribullet, L.L.C.*, No. 2:17-cv-00828-DDP-GJS, 2019 WL 4261876, at *8 (C.D. Cal. July 3, 2019) (same). And if documents are sealed in accordance with a protective order, they may later be unsealed "even if the underlying suit has been dismissed or otherwise resolved." *In re United States' Motion to Modify Sealing Ords.*, No. 5:03-mc-2, 2004 WL 5584146, at *1 (E.D. Tex. June 8, 2004); *see United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 576–79 (5th Cir. 2023) (reversing a district court's order denying a third-party's motion to intervene and unseal documents); *In re Appl. of Leopold to Unseal Certain Elec. Surveillance Appls. and Ords.*, 964 F.3d 1121, 1131–35 (D.C. Cir. 2020) (reversing a district court's order that declined to unseal applications and orders to conduct electronic surveillance in closed investigations); *see also Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir. 2009) (stating that "a court may have inherent authority to modify a protective order sealing documents maintained in the court file"). Under those authorities, the court retains jurisdiction to consider Palardy's present motion even years after the final judgment was entered.

## II. Protective Orders and Sealing

"Different legal standards govern protective orders and sealing orders." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

A protective order requires a showing of "good cause." *Id.* "'Good cause' exists when justice requires the protection of []a party or person from [']annoyance, embarrassment, oppression, or undue burden or expense.'" *Choice, Inc. of Tex. v. Graham*, 226 F.R.D. 545, 547 (E.D. La. 2005) (quoting *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. Unit A Aug. 1981), and Fed. R. Civ. P. 26(c)). The party seeking a protective order has the burden to show its necessity by a "particular and specific demonstration of fact," *id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)), that overcomes "the presumption of free use," *Harris v. Amoco Production Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

The standard to seal documents entered on the court record "is far more arduous." *June Med. Servs.*, 22 F.4th at 521 (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)). "[C]ourts should be ungenerous with their discretion to seal judicial records" and "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 418–19 (quotation marks omitted)). The decision to seal documents must be explained at a level of detail that permits appellate review, and a court abuses its discretion if it fails to mention "the presumption in favor of the public's access to judicial records" or to "articulate any reasons that would support sealing." *Id.* at 419 (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

To facilitate proper application of that standard, the court recently adopted a standing order on motions to seal in civil cases. The standing order requires that any motion to seal be accompanied by redacted copies of the documents to be sealed—which, if the motion is granted, will remain publicly accessible. Judge Sean D. Jordan, Standing Order on Motions to Seal in Civil Cases (E.D. Tex. Dec. 15, 2025).

## DISCUSSION

In this case, the motions to seal relied on the protective order. Dkts. 29, 35. Neither they nor the orders granting them, Dkts. 34, 38, "articulate[d] any reasons that would support sealing," *Binh Hoa Le*, 990 F.3d at 419. Nor did they reflect a "case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (quotation marks omitted).

As Palardy observes, "[p]rotective orders are intended to cover specific, legitimately confidential material—not judicial reasoning, not entire categories of filings, and not the majority of a case's proceedings." Dkt. 51 at 2. He argues that "[t]he blanket sealing applied here appears broader than necessary and inconsistent with general rules governing access to judicial records." *Id.*

That argument appears to be well taken, and the court has jurisdiction to grant the relief Palardy seeks. The court will, however, provide the defendants an opportunity to respond before it rules on the motion. That opportunity will allow the defendants to voice any opposition they may have to unsealing the documents at issue or to explain why at least some of the documents (or some parts of the documents) should remain under seal.

## CONCLUSION

It is **ORDERED** that, within 21 days of the docketing of this order, defendants USAA and Softworld, Inc., file a response to Palardy's motion, Dkt. 51, explaining whether the protective order should be modified or lifted; which documents or parts of documents, if any, should remain under seal; and the bases for their positions. The response should apply the judicial-record sealing standard noted in this order and explain what parts of the following documents, if any, should remain sealed: Dkts. 30, 31, 35-1, 35-2, 37, 42, and 48. Palardy may file a reply within seven days of the docketing of any response.

It is further **ORDERED** that the defendants must file, alongside their response to Palardy's motion, a redacted copy of any document they contend should remain sealed in part. Only that

material alleged to be sealable should be redacted. If the court determines that one or more documents should remain sealed in part, the redacted copy or copies will remain available to the public.

If the defendants do not contend that the protective order should remain in place or that any documents should remain wholly or partially sealed, no response is required.

So **ORDERED** and **SIGNED** this 23rd day of April, 2026.

_____

Bill Davis
United States Magistrate Judge